**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIGUEL ORTIZ,

    Plaintiff,

v.

GRABBER CONSTRUCTION PRODUCTS, INC., and ERIC LAMAR JONES,

    Defendants.

No. C 12-03961 JSW

**ORDER GRANTING MOTION TO REMAND**

**INTRODUCTION**

Now before the Court for consideration are the motion to remand, filed by Plaintiff, Miguel Ortiz ("Ortiz"), and the motion to dismiss, filed by Defendant, Eric Lamar Jones ("Jones"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. The Court VACATES the hearings set for October 5, 2012, and it HEREBY GRANTS Ortiz' motion to remand.

**BACKGROUND**

On or about May 8, 2012, Ortiz filed this lawsuit in the Superior Court of the State of California Contra Costa County ("Contra Costa Superior Court"), against Jones, his former supervisor, and Grabber Construction Products, Inc. ("Grabber"), his former employer. (*See* Notice of Removal, Ex. A (Complaint ("Compl.") ¶¶ 1, 3, 5-6, 24.) Grabber is a citizen of Nevada and Utah, and Ortiz and Jones both are citizens of California. (Compl. ¶¶ 1-3 ; Notice of Removal, ¶¶ 4.a, 4.c.)

Oritz asserts a number of claims of state law claims against Grabber that pertain to his working conditions and his termination. Ortiz also asserts a claim against Jones for intentional infliction of emotional distress ("IIED"). To support this claim, Ortiz alleges that Jones: (1) asked Ortiz, and others, to drive overweight trucks and illegally drive pass highway scales and to evade the authorities and avoid detection; (2) made racially discriminatory comments, including a comment that black women looked like "they [had] s*** all over them;" (3) belittled Ortiz; (4) took various actions to retaliate against Ortiz for complaining about unsafe working conditions; and (5) on the day Ortiz was terminated, yelled "Don't you challenge me! You don't challenge me ... I tell YOU what to do .... Shut up! One more word out of you and you're going home." (Compl., ¶¶ 10, 13, 15, 18-20, 22.)

On July 2, 2012, Grabber removed on the basis of diversity jurisdiction. 28 U.S.C. § 1332. On August 22, 2012, Ortiz moved to remand. On August 23, 2012, Jones moves to dismiss for failure to state a claim.

**ANALYSIS**

**A.  Legal Standards Applicable to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (quoting 28 U.S.C. § 1441(a)) (emphasis added). However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117

1  (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Finally, a court
2  must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding
3  whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also*
4  *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right
5  of removal in the first instance.").

**B.     The Court Grants the Motion to Remand.**

Grabber removed on the basis of diversity jurisdiction and argues that Jones' citizenship should be ignored because he has been fraudulently joined. While diversity jurisdiction ordinarily requires complete diversity of the parties, removal is proper despite the presence of a non-diverse defendant when that defendant was fraudulently joined, in other words, where that defendant is merely a "sham" defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987). A fraudulently joined non-diverse defendant will not defeat jurisdiction. *Id.*

The party asserting the fraudulent joinder bears the burden of proof and remand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. *See Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d at 566 (internal quotations omitted). "Courts should resolve doubts as to removability in favor of remanding the case to state court." *Id.*

To state a claim for IIED, a plaintiff must allege: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." *Cole v. Fair Oaks Fire Dept.*, 43 Cal. 3d 148, 155 n.7 (1987). This tort imposes

3

1 liability for "conduct exceeding all bounds usually tolerated by a decent society, of a nature
2 which is especially calculated to cause, and does cause, mental distress." *Id*.

3 Grabber argues that Ortiz's IIED claim is premised on personnel management actions,
4 which cannot support a claim for IIED, and it also argues that any such claim would be
5 preempted by the exclusivity provisions of the Worker's Compensation Act. Grabber is correct
6 that "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency...."
7 *See Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996). Similarly, in general
8 "an employee can have no tort recovery for emotional distress resulting from his employment.
9 The emotional distress which stems from an employer's unfavorable supervisory decisions ... is
10 a normal part of the employment relationship, even when the distress results from an
11 employer's conduct that is intentional, unfair, or outrageous." *Philips v. Gemini Moving*
12 *Specialists*, 63 Cal. App. 4th 563, 577 (1998).

13 Ortiz relies in part on *De Ruiz v. Courtyard Management Corp.*, 2006 WL 2053505
14 (N.D. Cal. July 21, 2006), in support of his motion to remand. In that case, the court granted a
15 motion to remand and rejected an argument that the plaintiff's supervisor, who had been sued
16 for IIED, was fraudulently joined. The court found that the defendant had not met its burden to
17 show there was no possibility that plaintiff could prevail on the claim, in part because "the
18 conclusion that an employee may never bring a claim against an individual manager for IIED
19 because defendant cannot be held liable for wrongful discharge is not settled California law."
20 *Id.*, 2006 WL 2053505, at *3. The court also noted that the determination of whether conduct is
21 sufficiently outrageous to support a claim is normally a question of fact and stated that "abusing
22 a position of power to compel and employee to work under conditions that violate health and
23 safety regulations mandated by law may be beyond the bounds of what should be tolerated in a
24 civilized society." *Id.*, 2006 WL 2053505, at *4.

25 Although it is not binding, the Court finds *De Ruiz* persuasive. In this case, at least
26 some of the conduct about which Ortiz' complains pertain to his work assignments and
27 schedules. (Compl. ¶¶ 18-19.) However, like the plaintiff in *De Ruiz*, Ortiz also alleges that
28 Jones, his supervisor, directed him to engage in unlawful and unsafe activities. (*Id.* ¶ 10.)

4

Grabber bears the burden to establish that the Court has jurisdiction and any doubts must be resolved in Ortiz' favor. Based on the allegations in the Complaint, the Court concludes that Grabber has not met his burden to show there is no possibility that Ortiz could prevail on his IIED claim against Jones. *See Levine*, 41 F. Supp. 2d at1078.

Ortiz stated that he intended to seek attorneys' fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under § 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by Grabber's arguments, the Court does not find that removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Ortiz fees and costs under § 1447(c).

Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter, and it HEREBY GRANTS Ortiz' motion to remand, DENIES the request for attorneys' fees, and REMANDS this action to Contra Costa Superior Court. In light of this ruling, the Court does not reach Jones' motion to dismiss.

**IT IS SO ORDERED.**

Dated: September 14, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE